**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000064**
**27-JUL-2012**
**08:16 AM**

NO. CAAP-12-0000064


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WILLIAM A. ARTHUR, SR., Individually, and THE ESTATE OF MONA
ARTHUR thru William A. Arthur Sr. as the Personal Representative,
Plaintiffs/Appellants/Cross-Appellees,
v.
STATE OF HAWAII, DEPARTMENT OF HAWAIIAN HOME LANDS,
Defendant/Third-Party Plaintiff/Appellee/Cross-Appellee,
and
KAMEHAMEHA INVESTMENT CORPORATION
Third-Party Plaintiff/Defendant/Appellee/Cross-Appellee,
and
DESIGN PARTNERS, INC.; COASTAL CONSTRUCTION CO., INC.;
ASSOCIATION OF KALAWAHINE STREAMSIDE ASSOCIATION,
Defendants/Appellees/Cross-Appellees,
and
SATO AND ASSOCIATES, INC. and DANIEL S. MIYASATO,
Defendants/Appellees/Cross-Appellants


---

KAMEHAMEHA INVESTMENT CORPORATION,
Defendant/Third-Party Plaintiff/Appellee/Cross-Appellee
v.
KIEWIT PACIFIC CO., Third-Party Defendant/
Fourth Party Plaintiff/Appellee/Cross-Appellee

---

STATE OF HAWAI'I, DEPARTMENT OF HAWAIIAN HOME LANDS,
Defendant/Third-Party Plaintiff/Appellee/Cross-Appellee
v.
KIEWIT PACIFIC CO., Third-Party Defendant/
Fourth Party Plaintiff/Appellee/Cross-Appellee

---

KIEWIT PACIFIC CO., Third-Party Defendant/
Fourth Party Plaintiff/Appellee/Cross-Appellee,
v.
PACIFIC FENCE, INC.,
Fourth-Party Defendant/Appellee/Cross-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 05-1-1981-11)


ORDER GRANTING JULY 12, 2012 MOTION TO DISMISS
APPEAL NO. CAAP-12-0000064 FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Upon review of (1) Defendant/Appellee/Cross-Appellee Coastal Construction Co., Inc.'s (Appellee Coastal Construction), July 12, 2012 motion to dismiss Appeal No. CAAP-12-0000064 for lack of jurisdiction, (2) the failure of any party to file a memorandum in opposition to Appellee Coastal Construction's July 12, 2012 motion to dismiss Appeal No. CAAP-12-0000064 for lack of jurisdiction, and (3) the record, it appears that we lack jurisdiction over Appeal No. CAAP-12-0000064 because the Honorable Rom A. Trader's January 9, 2012 judgment does not satisfy the requirements for an appealable final judgment under Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). "Every judgment shall be set forth on a separate document." HRCP Rule 58. The Supreme Court of Hawai'i has held

that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id. (emphases added).

> For example: "pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (emphasis added).

Although the parties have asserted numerous causes of action, including those asserted in the second amended complaint,

the third-party complaint, the counterclaim, the fourth-party complaint, and numerous cross-claims, the January 9, 2012 judgment does <u>not</u> always specifically identify the claim or claims on which the circuit court intends to enter judgment. For example, on page three of the January 9, 2012 judgment, the circuit court enters judgment by merely referring to the titles of interlocutory orders instead of specifically identifying the claim or claims that the circuit court intends to resolve:

> Judgment is hereby entered in favor of Fourth-Party Defendant PACIFIC FENCE and against Plaintiffs pursuant to the "Order Granting Fourth-Party Defendant Pacific Fence, Inc.'s Motion for Partial Summary Judgment filed on May 6, 2010" filed on September 16, 2010.

> Judgment is hereby entered in favor of Third-Party Defendant/Fourth-Party Plaintiff KIEWIT and against Plaintiffs pursuant to the "Order Granting Third-Party Defendant and Fourth-Party Plaintiff Kiewit Pacific Co.'s Motion for Summary Judgment filed Herein on May 17, 2010" filed on October 18, 2010.

The above-quoted language does not specifically identify the claim or claims that the circuit court intends to resolve. Similarly, page six of the January 9, 2012 judgment purports to enter judgment in favor of and against certain parties pursuant to interlocutory orders, but the language on page six of the January 9, 2012 judgment does not specifically identify the claim or claims that the circuit court intends to resolve. Pages seven through nine of the January 9, 2012 judgment purport to enter judgment on numerous interlocutory orders without identifying the claim or claims that the circuit court intends to resolve. The judgment document should enter judgment only on specifically identified substantive claims and the relief, if any, that the circuit court intends to award; the judgment document should not enter judgment on interlocutory orders that do not resolve

-4-

claims. In fact, an appealable final judgment does not need to refer to any interlocutory orders to ensure appellate review of the interlocutory orders, because "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted). Because the January 9, 2012 judgment does not specifically identify each and every claim on which the circuit court intends to enter judgment, the January 9, 2012 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins. Absent an appealable final judgment, the appeal and cross-appeals in Appeal No. CAAP-12-0000064 are premature and we lack appellate jurisdiction over Appeal No. CAAP-12-0000064. Accordingly,

IT IS HEREBY ORDERED that Appellee Coastal Construction's July 12, 2012 motion to dismiss Appeal No. CAAP-12-0000064 for lack of jurisdiction is granted, and the appeal and cross-appeals in Appeal No. CAAP-12-0000064 are dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, July 27, 2012.

Presiding Judge

Associate Judge

Associate Judge

-5-